(650 P.2d 716)
No. 53,773

STATE OF KANSAS, *Appellee,* v. JERALD KEENE, *Appellant.*

Opinion filed September 2, 1982.

*Steven Hornbaker,* of Harper & Hornbaker, Chartered, of Junction City, for the appellant.

*David R. Platt,* assistant county attorney, *Robert T. Stephan,* attorney general, and *Steven L. Opat,* county attorney, for the appellee.

Before SWINEHART, P.J., SPENCER and MEYER, JJ.

SWINEHART, J.: This is an appeal by defendant Jerald Keene from his conviction for possession of marijuana with intent to sell in violation of K.S.A. 65-4127b($a$)(3).

On October 11, 1980, Officers Charles Cook and Alex McKay, sheriff's deputies for Geary County, were called to take a complaint at a private residence in Junction City. The residents, who were private citizens, were personally known by Cook, and he believed that they were reliable sources. The residents reported that they believed illicit activities, either transactions concerning drugs or stolen property, were taking place at the house next door.

After taking the complaint, the officers returned to their car and proceeded to observe the activities at the subject house. Soon thereafter, Cook saw a car pull up in front of the house. He watched a man leave the car, enter the house, and after a short period of time leave with another person, later identified as the defendant. Defendant was carrying with him a small brown

sleeping bag. The men returned to the car, which had two other men in it, and the car proceeded down the street at a very slow rate of speed. Cook followed the car and stopped it to conduct what he termed a "field investigation," which he also referred to as a "routine traffic stop." The State concedes that the officers had not observed any criminal activity prior to this stop. Cook indicated that he felt the stop was necessary based on the complaint he had received earlier. He did not intend, at the time the stop was made, to conduct a search or make an arrest. His intent was to ascertain the parties' identities and activities.

After approaching the car, Cook observed two open containers of beer in plain view. Cook then asked all of the occupants of the car to get out and produce identification. Cook then obtained the permission of the owner of the car to search the interior of the car. Cook saw the sleeping bag in the back seat of the car, next to where defendant had been sitting, and asked whose bag it was. All four denied ownership of the bag, even though defendant was seen carrying the bag to the car. Since no one claimed ownership of the bag, Cook asked the owner of the car if he could look inside the bag. The owner had no objection. The sleeping bag contained fifty-two small bags of what was later determined to be marijuana. The four men were arrested.

Defendant was charged with possession of marijuana with the intent to sell contrary to K.S.A. 65-4127b(a)(3). Two of the occupants of the car testified that they went to defendant's residence to purchase some marijuana. Defendant asked for a ride since the police were in the area. The two men testified that the sleeping bag containing the marijuana belonged to defendant.

Defendant was convicted of possession of marijuana with intent to sell and sentenced to a term of imprisonment of not less than one year and not more than ten years. Defendant appeals and raises the following issue: Whether the trial court erred in finding that the vehicle defendant was riding in was validly stopped and that the evidence seized as a result of the stop was admissible.

Defendant contends that the stopping of the car in which he was riding was illegal and therefore all evidence seized as a result of that stop should have been suppressed. He maintains that the officers did not have probable cause or reasonable suspicion to stop the car, and therefore the stop was in violation of defendant's Fourth and Fourteenth Amendment rights.

K.S.A. 22-2402(1) provides:

"(1) Without making an arrest, a law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a crime and may demand of him his name, address and an explanation of his actions."

The officer making the stop must be able to articulate the basis for his reasonable suspicion. See *Brown v. Texas*, 443 U.S. 47, 61 L.Ed.2d 357, 99 S.Ct. 2637·(1979), and *Delaware v. Prouse*, 440 U.S. 648, 59 L.Ed.2d 660, 99 S.Ct. 1391 (1979). What is reasonable is based on the totality of circumstances and is viewed in terms as understood by those versed in the field of law enforcement. *United States v. Cortez*, 449 U.S. 411, 66 L.Ed.2d 621, 101 S.Ct. 690 (1981).

We find that the evidence in the present case clearly demonstrates that the officers had reasonable suspicion of criminal activity. A reliable source told them of possible illicit activity. This fact, together with the slow departure of the car after picking up a person from the subject house constitutes a sufficient basis for reasonably suspecting that the occupants of the car were involved in criminal activity. Therefore, the stop of the car to check the identifications of the occupants and their activities was valid.

Defendant attempts to raise the required standard from reasonable suspicion to probable cause by claiming that the stop made by the officers was more than a brief detention to question. Defendant ignores, however, the immediate discovery of the open containers. Such discovery entitled the officers to detain the car for an additional period of time. The subsequent search of the car was consented to by the owner of the vehicle, so defendant, as a passenger in the car, cannot base a claim of error on the search. See *Rakas v. Illinois*, 439 U.S. 128, 58 L.Ed.2d 387, 99 S.Ct. 421 (1978).

Judgment affirmed.